Thomas M. DeMicco (TD 5037)
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
3 Gannett Drive
White Plains, NY  10604-3407
Telephone:     914-323-7000
Facsimile:     914-323-7001
thomas.demicco@wilsonelser.com

*ATTORNEYS FOR DEFENDANT*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NIRVANA INTERNATIONAL, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>ADT SECURITY SERVICES, INC.,<br><br>Defendants. | Case No.  11-CIV-8738<br><br>**MEMORANDUM OF LAW IN SUPPORT OF ADT SECURITY SERVICES, INC.'S MOTION TO DISMISS** |

## TABLE OF CONTENTS

I.    STATEMENT OF FACTS ................................................................................................. 1

    A.    Nirvana's Allegations ......................................................................................... 1

            1.    The Agreement.................................................................................... 1

            2.    The Burglary ....................................................................................... 2

            3.    The Forgery......................................................................................... 3

    B.    Nirvana's Claims ................................................................................................ 3

II.   ARGUMENT ................................................................................................................... 4

    A.    Legal Standard ................................................................................................... 4

    B.    Nirvana's negligence claims fail because contract-based duties do not give rise to separate tort duties. ........................................................................................... 5

    C.    Nirvana's "Forgery/Fraud" claim fails because forgery is not an independent cause of action and Nirvana failed to adequately plead reliance. ........................... 7

    D.    Nirvana's breach-of-contract claim fails to the extent Nirvana's requested relief exceeds $1,000. .................................................................................................. 9

            1.    To adequately plead a breach-of-contract claim, Nirvana must rely on the Agreement's Terms and Conditions. ......................................................... 9

            2.    Because the Terms and Conditions apply and establish ADT's duties under the Agreement, they also limit ADT's liability. .............................. 10

    E.    Nirvana's breach-of-contract claim also fails because Nirvana failed to adequately plead it................................................................................................................. 11

III.  CONCLUSION............................................................................................................... 13

# TABLE OF AUTHORITIES

**Cases**

*American Centennial Ins. Co. v. Seguros La Republica, S.A.,*
  No. 91 Civ. 1235, 1996 WL 304436 at *16 (S.D.N.Y. June 5, 1996) ...................................... 12

*Amusement Indus., Inc. v. Stern,*
  786 F. Supp. 2d 758, 775 (S.D.N.Y. 2011) ............................................................................. 7, 8

*Ashcroft v. Iqbal,*
  129 S. Ct. 1937, 1949 (2009) ...................................................................................................... 4

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) ..................................................................................................................... 4

*Brown v. Wyckoff Hgts. Med. Ctr.,*
  811 N.Y.S.2d 570, 571 (N.Y. App. Div. 2006) ........................................................................... 6

*Children's Surgical Found., Inc. v. Nat'l Data Corp.,*
  121 F. Supp. 2d 1221, 1223 (N.D. Ill. 2000) ........................................................................... 11

*Clemens Realty, LLC v. N.Y. City Dep't of Educ.,*
  850 N.Y.S.2d 172, 173, 47 A.D.3d 666, 667 (N.Y. App. Div. 2008) ......................................... 6

*Corbett v. Firstline Sec., Inc.,*
  687 F. Supp. 2d 124, 126-27 (E.D.N.Y. 2009) ......................................................................... 10

*Eurycleia Partners, LP v. Seward & Kissel, LLP,*
  910 N.E.2d 976, 979 (N.Y. 2009) ............................................................................................... 7

*Florence v Merchants Cent. Alarm Co. Inc.,*
  51 N.Y.2d 793 (1980) ................................................................................................................ 11

*Gildepath Holding B.V. v. Spherion Corp.,*
  590 F. Supp. 2d 435, 459 (S.D.N.Y. 2007) ................................................................................ 8

*Hirsch v. Arthur Andersen & Co.,*
  72 F.3d 1085, 1095 (2d Cir. 1995) ........................................................................................... 12

*In re Livent, Inc. v. Noteholders Secs. Litig.,*
  151 F. Supp. 2d 371, 405-406 (S.D.N.Y. 2001) ...................................................................... 12

*Luckett v. Bure,*
  290 F.3d 493, 497 (2d Cir. 2002) ............................................................................................... 7

*Miller v. New York City Health & Hosp. Corp.*,
   No. 00-civ-140, 2005 WL 2022016 (S.D.N.Y. Aug. 22, 2005)................................................... 7

*Old Republic Nat'l. Title. Ins. Co. v. Cardinal Abstract Corp.*,
   790 N.Y.S.2d 143, 145, 14 A.D.3d 678, 680 (N.Y. App. Div. 2005)......................................... 6

*Salahuddin v. Jones,*
   992 F.2d 447, 449 (2d Cir. 1993).............................................................................................. 12

*Sargent v. N.Y. Daily News, L.P.*,
   840 N.Y.S.2d 101, 103, 42 A.D.3d 491, 493 (N.Y. App. Div. 2007)......................................... 6

*Schuh v. Druckman & Sinel, LLP*,
   No. 07 Civ. 366, 2008 WL 542504 (S.D.N.Y. Feb. 29, 2008) ................................................... 7

*Sommer v. Fed. Signal Corp.,*
   79 N.Y.2d 540, 553-54 (1992)................................................................................................. 11

*Vigilant Ins. Co. v. ADT,*
   10 Civ. 3066, 2011 WL 855874 (S.D.N.Y. Mar. 9, 2011).......................................................... 5

*Ziemba v. Wezner*,
   366 F.3d 161, 163 (2d Cir. 2004).............................................................................................. 4

**Rules**

Fed. R.  Civ. P. 8(a)(2)................................................................................................................. 5

Nirvana alleges that ADT failed to monitor Nirvana's account and notify the authorities and Nirvana of a burglary signal.   Nirvana also alleges that ADT forged a Nirvana representative's signature on the Terms and Conditions page of the parties' contract, rendering inapplicable certain provisions that limit ADT's liability.   As a result, Nirvana asserts claims against ADT for breach of contract, negligence, gross negligence, and "forgery/fraud". Nirvana's claims fail as a matter of law.   Nirvana's negligence-based claims fail because, as the Court recently held, ADT has no common-law duty to install and monitor security equipment. Nirvana's "forgery/fraud" claim fails because New York does not recognize an independent cause of action for forgery.   To the extent Nirvana intended to allege a fraud claim, that claim fails because Nirvana did not rely on ADT's alleged misrepresentation.   Finally, Nirvana's breach-of-contract claim fails for two reasons.   First, it fails to the extent Nirvana's requested relief exceeds $1,000 because certain provisions that Nirvana relies on to establish ADT's contractual duties also limit ADT's liability.   Second, it fails because Nirvana's inconsistent allegations do not satisfy the most rudimentary pleading standards.   The Court should therefore dismiss Nirvana's Complaint in its entirety or alternatively limit Nirvana's recoverable damages to the contractually agreed-upon amount.

## I.    STATEMENT OF FACTS

### A.    Nirvana's Allegations

Nirvana alleges the following in its Complaint.

#### 1.  *The Agreement*

Nirvana "signed an agreement with ADT for it to provide alarm monitoring and notification services for Nirvana (the 'Agreement')." Compl. ¶ 22 (Doc. 1).   Nirvana attached its

copy of the Agreement to the Complaint as Exhibit A. *Id.*[1]  Under the terms of the Agreement,
"ADT agreed to install an alarm monitoring and notification system in Nirvana's premises such
that, in the event that any of the security sensors was tripped or triggered during a burglary, a
signal would be transmitted to ADT's central station signal receiving center, and that ADT
would promptly thereafter notify both Nirvana and the NYPD of same." *Id.* at ¶ 24. "The
Agreement is comprised of six pages. The final three pages of the Agreement (Pages 4 through
6) contain single-spaced boilerplate language drafted by ADT, with the following words at the
top of each of the three pages: 'Important Terms and Conditions.'" *Id.* at ¶ 28. Page six of the
Agreement contains a clause that "limits ADT's liability to $1,000 in the event its alarm system
failed." *Id.* at ¶ 75; Agreement at p. 6, ¶ E (Ex. A to Compl.) (Doc. 1).[2]  "The Agreement
constitutes a valid, enforceable agreement." Compl. at ¶ 94.

### 2. *The Burglary*

On December 4, 2010, unknown individuals burglarized Nirvana's jewelry store and
stole approximately $2.4 million in personal property. *Id.* at ¶¶ 42-53, 56-57. Nirvana reviewed
the "buffer history" on the ADT alarm system, which "showed that there was no indication in the
history of any alarm going off at Nirvana's premises during the December 4th burglary." *Id.* at ¶

---

[1]     For purposes of this motion, all references to the Agreement refer to Exhibit A to
Nirvana's Complaint. In referring to Exhibit A, however, ADT does not concede that the
Customer Copy of the Agreement constitutes the parties' final Agreement.

[2]     More specifically, the limitation-of-damages clause provides:

**IF NOTWITHSTANDING THE PROVISIONS OF THIS SECTION E, ADT
IS FOUND LIABLE FOR LOSS, DAMAGE OR INJURY UNDER ANY
LEGAL THEORY DUE TO A FAILURE OF THE SERVICES, SYSTEM
OR EQUIPMENT IN ANY RESPECT, ITS LIABILITY SHALL BE
LIMITED TO A SUM EQUAL TO 10% OF THE ANNUAL SERVICE
CHARGE OR $1,000, WHOEVER IS GREATER, AS AGREED UPON
DAMAES AND NOT AS A PENALTY, AS CUSTOMER'S SOLE
REMEDY.**

Agreement at p. 6, ¶ E (emphasis in original) (Ex. A to Compl.).

69. Because the alarm system did not trigger, ADT's central monitoring station did not receive a signal from Nirvana's device and as a result, ADT did not notify the police or Nirvana's representative of the burglary. *Id.* at ¶¶ 54, 102.

### 3. *The Forgery*

After the burglary, ADT told Nirvana that ADT was not responsible for Nirvana's losses resulting from the burglary because Nirvana's representative signed page six of the Agreement, which contains provisions limiting ADT's liability. *Id.* at ¶ 74. Unlike Nirvana's Customer Copy of the Agreement, ADT's Central Storage Copy contains a Nirvana representative's signature on page six. *Id.* at ¶ 79. Nirvana's representative, however, did not sign or initial page six on any copy of the Agreement. *Id.* at ¶ 80.

Upon Nirvana's receipt of the Central Storage Copy, Nirvana retained forensic document analysts to analyze whether Nirvana's representative, Mr. Sharma, signed and initialed page six of the Central Storage Copy. *Id.* at ¶ 85. The analysts determined that Mr. Sharma "probably did not write" the signature or initials on the Central Storage Copy. *Id.* at ¶ 88. Someone at ADT therefore "created the Purported Signature and the Purported Initials." *Id.* at ¶ 92.

### B.   Nirvana's Claims

Nirvana asserts causes of action against ADT for breach of contract, negligence, gross negligence, and "forgery/fraud." *See generally* Compl. Nirvana contends that ADT breached the Agreement "by failing to provide the alarm monitoring and notification services that it agreed to provide to Nirvana pursuant to the Agreement." *Id.* at ¶ 96.

To support its negligence claim, Nirvana alleges that ADT breached a duty of care it owed to Nirvana by failing to ensure that

> (i) all equipment in Nirvana's premises used by ADT in providing such services was properly installed and functioning; (ii) all equipment in Nirvana's premises used by ADT in providing such

services was properly connected to ensure transmission to ADT's central monitoring station in the event that one of ADT's alarm sensors at Nirvana's premises was triggered during a burglary; (iii) ADT sensors installed in Nirvana's back office would be triggered in the event that burglars entered Nirvana's back office from above through the ceiling; and (iv) in the event that the triggering of the ADT alarm system was transmitted to ADT's central monitoring station, both Nirvana and the NYPD would be promptly notified.

*Id.* at ¶¶ 100-101.

To support its "forgery/fraud" claim, Nirvana alleges that as a result of the forgery, Nirvana suffered damages in the form of "costs incurred in addressing these forgeries, including legal fees relating to the forgeries and all monies paid to the Lesnevich Firm for the analysis of same." *Id.* at ¶ 111.

## II.   ARGUMENT

### A.   Legal Standard

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), all well-pleaded, material allegations must be taken as true, and the motion may be granted if the moving party is clearly entitled to judgment. *See Ziemba v. Wezner*, 366 F.3d 161, 163 (2d Cir. 2004). As the Supreme Court recently clarified, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). The Court further expounded on the "two working principles" that underlie the *Twombly* decision. First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to a state a claim. *Id.* Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* To establish the "facial plausibility" required to "unlock the doors of discovery,"

the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged but it has not 'show[n] that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

Further, the general rule is that a district court should consider a motion brought under Rule 12(b)(6) by looking only to the allegations on the face of the complaint. In certain circumstances, however, the court may consider documents other than the complaint in ruling on a motion to dismiss. Courts may consider documents attached to the complaint. Here, Nirvana attached the parties' Agreement to the Complaint as Exhibit A and alleges that it entered into a contractual agreement with ADT. Compl. ¶ 22 (Doc. 1). Because the Contract is essential and integral to Nirvana's claim, the Court should consider the Contract in this motion to dismiss.

### B. Nirvana's negligence claims fail because contract-based duties do not give rise to separate tort duties.

Nirvana asserts claims for negligence and gross negligence essentially alleging that ADT breached a common-law duty when it breached the duties it owed under the parties' Agreement. *See id.* at ¶ 101. But no common-law duty exists that requires ADT to install and monitor an alarm that detects burglaries and sends signals to its central station. That duty only arises from a contract. Indeed, in a recent decision involving facts similar to those alleged here, this Court held likewise. *See Vigilant Ins. Co. v. ADT,* 10 Civ. 3066, 2011 WL 855874 (S.D.N.Y. Mar. 9, 2011).

In *Vigilant*, plaintiff's insured ("Rohatyn") contractually agreed that ADT would install and monitor an alarm system in Rohatyn's residence. *Id.,* at *1. Later, a fire occurred at Rohaytn's residence and ADT's alarm system failed to send a signal to the central station. *Id.*

As a result, plaintiff asserted causes of action against ADT for breach of contract, breach of warranty, and gross negligence. *Id.*  The Court granted ADT's motion to dismiss plaintiff's gross-negligence claim because ADT owed Rohatyn a contractual duty, not a tort-based one: "ADT's obligation to install, monitor, maintain, and test the alarm system arose only under the Contract.  Simply put, ADT did not owe Rohatyn an independent duty to perform its contractual obligations with care and skill.  Thus, Plaintiff's allegations of tortious conduct fail to allege the necessary violation of a legal duty independent of the contract with defendant." *Id.*, at *3 (citing *Clemens Realty, LLC v. N.Y. City Dep't of Educ.*, 850 N.Y.S.2d 172, 173, 47 A.D.3d 666, 667 (N.Y. App. Div. 2008) ("Simply alleging a duty of due care does not transform a breach of contract action into a tort claim.")).

New York state courts similarly refuse to entertain tort-based claims premised on a party's failure to perform purely contractual obligations:  "[A] simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated.  This legal duty must spring from circumstances extraneous to, and not constituting elements of, the contract[.]" *Clemens*, 850 N.Y.S.2d at 173, 47 A.D.3d at 667; *see also Sargent v. N.Y. Daily News, L.P.*, 840 N.Y.S.2d 101, 103, 42 A.D.3d 491, 493 (N.Y. App. Div. 2007); *Brown v. Wyckoff Hgts. Med. Ctr.*, 811 N.Y.S.2d 570, 571 (N.Y. App. Div. 2006); *Old Republic Nat'l. Title. Ins. Co. v. Cardinal Abstract Corp.*, 790 N.Y.S.2d 143, 145, 14 A.D.3d 678, 680 (N.Y. App. Div. 2005).

Like Rohatyn, Nirvana had a contractual relationship with ADT.  ADT's duties to install and monitor the alarm system were therefore obligations that arose under the Agreement, and any liability on the part of ADT for that service was, at most, a breach of the Agreement. *See Clemens*, 850 N.Y.S.2d at 173.  Because there is no independent, non-contractual duty that could

give rise to a tort cause of action, the Court should dismiss Nirvana's negligence and gross-negligence claims with prejudice.

### C.    Nirvana's "Forgery/Fraud" claim fails because forgery is not an independent cause of action and Nirvana failed to adequately plead reliance.

The Court should dismiss Nirvana's forgery claim because New York does not recognize an independent cause of action for forgery. *See Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002) (affirming dismissal of civil forgery claim because forgery is a crime and not a private cause of action under New York law); *Miller v. New York City Health & Hosp. Corp.* No. 00-civ-140, 2005 WL 2022016, at *7 (S.D.N.Y. Aug. 22, 2005), *aff'd*, 198 F. App'x 87 (2d Cir. 2006) ("liberally interpreting" plaintiff's forgery claim as one for fraud because New York does not recognize an independent cause of action for forgery).

To the extent Nirvana alleges a fraud claim, the Court should dismiss it because Nirvana failed to adequately plead reliance.    Fraud requires a material misrepresentation of fact, knowledge of its falsity, intent to induce reliance, justifiable reliance by the plaintiff, and damages. *Eurycleia Partners, LP v. Seward & Kissel, LLP*, 910 N.E.2d 976, 979 (N.Y. 2009). Because reliance is a necessary element of a fraud claim, "it is insufficient for a fraud plaintiff to show merely that some chain of events beginning with a false statement by defendants led to his injury." *Amusement Indus., Inc. v. Stern*, 786 F. Supp. 2d 758, 775 (S.D.N.Y. 2011) (quoting *Schuh v. Druckman & Sinel, LLP*, No. 07 Civ. 366, 2008 WL 542504, at *10 (S.D.N.Y. Feb. 29, 2008)).    And as the Court has noted, courts dismiss fraud claims when plaintiffs fail to consult readily available information to ascertain the truth of a representation:

> Most cases where courts have granted motions to dismiss because of a failure to adequately plead reasonable reliance have concerned situations where a plaintiff failed to examine readily available information, relied on oral representations of information when it could easily have asked for additional information, or failed to properly investigate a transaction.

*Amusement Indus., Inc.*, 786 F. Supp. 2d at 775 (quoting *Gildepath Holding B.V. v. Spherion Corp.*, 590 F. Supp. 2d 435, 459 (S.D.N.Y. 2007)).

Nirvana alleges that ADT committed fraud in producing ADT's version of the Contract with a Nirvana representative's forged signature on the Terms and Conditions page. Compl. ¶¶ 109-12 (Doc. 1). As a result of ADT's alleged forgery, Nirvana contends that it suffered damages in the form of costs it incurred in "addressing these forgeries, including legal fees relating to the forgeries and all monies paid to the Lesnevich Firm for the analysis of same." *Id.* at ¶ 111.

Nowhere does Nirvana allege that it relied on ADT's statements. Nor can it because Nirvana consulted its Customer Copy of the Agreement to determine if its representative signed page six and, as Nirvana concedes, it retained a forensic document analyst to determine the validity of the alleged forgeries. *Id.* at ¶¶ 85, 111. Thus, Nirvana "examined readily available information" to determine whether ADT's statements constituted misrepresentations. As a result, Nirvana did not rely on ADT's alleged misrepresentations; to the contrary, Nirvana apparently disputed them from the beginning and incurred costs to prove the representation's falsity. *Id.* at ¶ 85 (noting that "shortly after" ADT provided the Central Storage Copy of the Agreement, Nirvana retained forensic document analysts).

Essentially, Nirvana alleges that a false statement required Nirvana to spend money to disprove it. Those allegations do not constitute a fraud claim. Because Nirvana did not adequately plead a fraud claim and, more importantly, it cannot plead any set of facts surrounding the alleged forgery to satisfy fraud's elements, the Court should dismiss Nirvana's fraud claim with prejudice.

**D.    Nirvana's breach-of-contract claim fails to the extent Nirvana's requested relief exceeds $1,000.**

Nirvana claims that only the first three pages of the Agreement apply because Nirvana did not agree to the Terms and Conditions on pages four through six. *See id*. at ¶¶ 32-36. And because Nirvana did not agree to the Terms and Conditions, provisions on pages four through six that limit ADT's liability do not apply. *See id.* at ¶¶ 37-38. To support its breach-of-contract claim, Nirvana alleges that ADT breached the Agreement by failing to fulfill certain duties ADT assumed by entering into the Agreement. *Id.* at ¶ 24. But other than conclusory, unsupported allegations, Nirvana does not provide any support for the contractual duties it alleges ADT assumed and allegedly breached. Nor can it, because to do so would give credence to sections of the Agreement that Nirvana seeks to avoid.

**1.    To adequately plead a breach-of-contract claim, Nirvana must rely on the Agreement's Terms and Conditions.**

Nirvana alleges that ADT breached the parties' Agreement "by failing to provide the alarm monitoring and notification services that it agreed to provide to Nirvana pursuant to the Agreement." *Id.* at ¶ 96. To establish the duties that it alleges ADT breached, Nirvana apparently relies on the front page of the Agreement where somebody placed a checkmark in boxes next to the words "Burglary" and Hold-up". *See id.* at ¶ 23; Agreement at p. 1 (Ex. A to Compl.). Presumably, Nirvana alleges that based on checkmarks in those two boxes

> ADT agreed to install an alarm monitoring and notification system in Nirvana's premises such that, in the event that any of the security sensors was tripped or triggered during a burglary, a signal would be transmitted to ADT's central station signal receiving center, and that ADT would promptly thereafter notify both Nirvana and the NYPD of same.

Compl. ¶ 24 (Doc. 1).  But the first three pages of the Agreement do not provide any support for

Nirvana's allegations that ADT assumed the duties quoted above.  Rather, the last three pages of

the Agreement provide the support for the creation of ADT's alleged duties.

Section B on page four of the Agreement is titled "**SERVICES**" and contains language

similar to the language Nirvana used in its Complaint to explain ADT's duties:

> **Installation Services.**  As applicable, ADT agrees to install the Equipment
> specified on page 1, in a professional manner, using qualified personnel, including
> all equipment, supplies and necessary labor to install the Equipment in accordance
> with this Agreement and any applicable manufacturer specifications.
> . . .
> **Central Station Signal Receiving and Notification Service.**  If an alarm signal
> registers at ADT's [Central Monitoring Center], ADT shall endeavor to notify the
> appropriate Police or Fire Department and the designated representative of the
> Customer.

*See* Agreement at p. 4, ¶ B (Ex. A to Compl.).  Thus, the very pages that Nirvana seeks to

exclude from the parties' Agreement provide the sole support for the duties it alleges ADT

breached.

> ### 2.   Because the Terms and Conditions apply and establish ADT's duties under the Agreement, they also limit ADT's liability.

For ADT to owe any duties to Nirvana under the Agreement, Nirvana must rely on the

Terms and Conditions on pages four through six of the Agreement.  But Nirvana cannot simply

select beneficial Terms and Conditions and disclaim unfavorable ones.  *See Corbett v. Firstline*

*Sec., Inc.*, 687 F. Supp. 2d 124, 126-27 (E.D.N.Y. 2009) (finding that under New York law, a

party cannot benefit from a contract without also being subject to the contract's burdens).  One

of the Terms and Conditions precludes Nirvana's contract- and negligence-based claims to the

extent Nirvana seeks damages exceeding $1,000.  Indeed, section E of the Agreement contains

the following limitation-of-damages clause:

**IF NOTWITHSTANDING THE PROVISIONS OF THIS SECTION E, ADT
IS FOUND LIABLE FOR LOSS, DAMAGE OR INJURY UNDER ANY**

**LEGAL THEORY DUE TO A FAILURE OF THE SERVICES, SYSTEM OR EQUIPMENT IN ANY RESPECT, ITS LIABILITY SHALL BE LIMITED TO A SUM EQUAL TO 10% OF THE ANNUAL SERVICE CHARGE OR $1,000, WHOEVER IS GREATER, AS AGREED UPON DAMAGES AND NOT AS A PENALTY, AS CUSTOMER'S SOLE REMEDY.**

Agreement at p. 6, ¶ E (emphasis in original) (Ex. A to Compl.).

New York appellate courts consistently enforce limitation-of-damages clauses. *See, e.g., Sommer v. Fed. Signal Corp.*, 79 N.Y.2d 540, 553-54 (1992) (noting that "we have previously upheld contractual language in an alarm contract limiting the customer's damages to $50); *Florence v Merchants Cent. Alarm Co. Inc.*, 51 N.Y.2d 793 (1980). Because the entire, six-page Agreement must apply for ADT to have any of the duties that Nirvana alleges ADT breached, then the limitation-of-damages clause must apply too. The court should therefore dismiss all portions of Nirvana's Complaint seeking damages that exceed $1,000. *See Children's Surgical Found., Inc. v. Nat'l Data Corp.*, 121 F. Supp. 2d 1221, 1223 (N.D. Ill. 2000) (granting defendant's motion for partial dismissal pursuant to Federal Rule 12(b)(6) to the extent it sought to limit plaintiff's damages claim to the amount in the limitation-of-damages clause).

### E.     Nirvana's breach-of-contract claim also fails because Nirvana failed to adequately plead it.

The Court should dismiss Nirvana's breach-of-contract claim because it lacks the fundamental requirements of clarity and consistency. Nirvana alleges that it did not agree to the Agreement's Terms and Conditions on pages four through six. Compl. ¶ 38 (Doc. 1). Yet it also alleges that the Agreement – which Nirvana contends contains six pages and supports its breach-of-contract claim – constitutes a "valid, enforceable" agreement. *Id.* at ¶¶ 28, 94. Moreover, Nirvana alleges that the alarm system did not send a signal to the ADT central station. *Id.* at ¶ 69. But it premises its breach-of-contract claim on ADT's failure to monitor Nirvana's account and notify the police or Nirvana of a signal: "By failing to provide the alarm monitoring and

notification services that it agreed to provide to Nirvana pursuant to the Agreement, ADT committed a breach thereof." *Id.* at ¶ 96.

A court need not "feel constrained to accept as truth conflicting pleadings that make no sense, or that would render a claim incoherent, or that are contradicted . . . by statements in the complaint itself . . . ." *In re Livent, Inc. v. Noteholders Secs. Litig.*, 151 F. Supp. 2d 371, 405-406 (S.D.N.Y. 2001); *see also, e.g., Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1095 (2d Cir. 1995) (sustaining dismissal of the complaint where "attenuated allegations" supporting a claim "are contradicted . . . by more specific allegations in the complaint"); *Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993) (dismissing claim that is based on "wholly conclusory and inconsistent allegations"); *American Centennial Ins. Co. v. Seguros La Republica, S.A.*, No. 91 Civ. 1235, 1996 WL 304436, at *16 (S.D.N.Y. June 5, 1996) ("Allegations are not well pleaded if they are made indefinite or erroneous by other allegations in the same complaint . . . .") (internal citation and quotations marks omitted).

Of course, Rule 8(d) permits a party to state as many separate claims as it has, regardless of consistency. But this rule "cannot be construed as an invitation to incoherent, self-contradictory pleadings." *In re Livent, Inc.*, 151 F. Supp. 2d at 407. Nor does it grant "plaintiffs license to plead inconsistent assertions of facts within the allegations that serve as the factual predicates for an independent, unitary claim." *Id.*

Nirvana cannot have it both ways; either the parties entered into a six-page, valid, enforceable Agreement (as Nirvana alleges) or the parties entered into something else entirely that apparently does not contain the Terms and Conditions on pages four through six (as Nirvana also alleges). And if, as Nirvana alleges, the alarm system did not send a signal to ADT's central station, then ADT did not fail to monitor Nirvana's account and notify the authorities or Nirvana

of a received signal. The Court should therefore dismiss Nirvana's breach-of-contract claim based on these fundamental pleading deficiencies.

## III.   CONCLUSION

Nirvana's Complaint should be dismissed in its entirety for four reasons:

- First, Nirvana's negligence and gross-negligence claims fail because ADT has no common-law duty to install and monitor security equipment.

- Second, Nirvana's "forgery/fraud" claim fails because New York does not recognize an independent cause of action for forgery. Nirvana's fraud claim fails because Nirvana did not rely on ADT's alleged misrepresentation.

- Third, if the entire, six-page Agreement applies, as it must to establish that ADT assumed the duties that Nirvana alleges ADT did, then it precludes Nirvana's breach-of-contract claim to the extent Nirvana seeks damages exceeding $1,000.

- And finally, Nirvana's breach-of-contract claim fails because it does not satisfy the most basic pleading standards.

ADT therefore requests that the Court dismiss Nirvana's Complaint with prejudice. In the alternative, ADT requests that the Court dismiss Nirvana's Complaint to the extent Nirvana's requested relief exceeds $1,000.00.

Dated:  White Plains, New York  
December 22, 2011

Respectfully submitted,

WILSON ELSER MOSKOWITZ  
EDELMAN & DICKER LLP

Thomas M. DeMicco  
3 Gannett Drive  
White Plains, NY  10604-3407  
Telephone:      914-323-7000  
Facsimile: 914-323-7001  
thomas.demicco@wilsonelser.com

*Attorneys for Defendant*  
*ADT Security Services, Inc.*

4816016 v2  
4816016.2

13

14

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this memorandum was served via

US Mail and CM/ECF filing on December 22nd, 2011 to:

Steven A. Berger
Jonathan Rogin
BERGER & WEBB, LLP
7 Times Square, 27th Floor
New York, NY 10036
Telephone:     212-319-1900
Facsimile:     212-319-2017
sberger@bergerwebb.com
jrogin@bergerwebb.com

**Attorneys for Plaintiff**
**Nirvana International, Inc.**

Thomas M. DeMicco (TD 5037)