Memo Endo, C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NIRVANA INTERNATIONAL, INC.,

    Plaintiff,

vs.

ADT SECURITY SERVICES, INC.,

    Defendants.

Case No. 1:11-CV-8738 (Cm)

ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/3/12

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

    Plaintiff Nirvana International, Inc. ("Plaintiff"), and Defendant ADT Security Services, Inc. ("ADT") (collectively, the "Parties"), by and through their undersigned attorneys, hereby stipulate and agree:

    1.    The Parties anticipate that discovery in this matter might include production or disclosure of documents and other information ADT contends constitutes confidential and/or proprietary information, including, but not limited to: training, design, inspection, testing, and installation information ("Protected Material").

    2.    ADT contends that it has a cognizable interest in maintaining the secrecy of its Protected Material, and that the disclosure of such proprietary information could negatively impact, and irreparably harm ADT's competiveness within the industry.

    3.    The Parties claim a need for the Protected Material in their respective prosecution and defense of this action, and that this need can be balanced against public disclosure by limiting the persons who will have access to the Protected Material and the use to which those persons may put the Protected Material as provided herein.

    4.    The Parties shall have the right to designate as CONFIDENTIAL any document or other item relevant to this litigation that discloses Protected Material, including

81086.1

without limitation documents or other materials produced, Answers to Interrogatories, Responses to Requests for Production of Documents, Answers to Requests for Admission, and any portion of deposition testimony or other testimony by a witness, but only to the limited extent that such documents, answers or testimony specifically sets forth or contains purported Protected Material. For the avoidance of doubt, objections to interrogatories or document requests shall not be designated CONFIDENTIAL.

5. Such documents or other tangible items must be designated by conspicuously stamping the words "CONFIDENTIAL" on each page of the designated material or by notifying the other party in writing of the material to be considered so designated. With regard to testimony, counsel may, during the deposition, designate on the record that testimony involving Protected Material be designated as "CONFIDENTIAL," and the entire deposition transcript will be treated as confidential until both parties' counsel receive a transcript of the depositions and for 30 days thereafter. After receipt of the deposition transcript, counsel shall identify by page and line the portion of the material that it intends to designate as "CONFIDENTIAL" in a written letter served to all counsel of record, and the court reporter, within 10 days after receiving the written deposition transcript from the court reporter. The parties stipulate that the court reporter and videographer for any such deposition will be given a copy of this Stipulation and Protective Order, will execute and acknowledge receipt thereof, and shall not disclose to anyone any deposition testimony or exhibit in the lawsuit other than those persons identified in Section 6 below.

6. Information designated "CONFIDENTIAL" shall not be disclosed or disseminated to anyone, except:

2

81066.1

a. a party, counsel for any party, and the employees of such counsel to whom it is necessary that the information be disclosed for purposes of this litigation only; or

a. any expert engaged by a party for the purpose of assisting in the preparation of this litigation;

b. outside vendors such as copy services or document management vendors; or

c. any person who was involved in the preparation of the document or information;

d. trial and deposition witnesses; or

e. any other person, entity, or firm with the prior written consent of all parties.

7. Any party that provides documents or other discovery, obtained from the other party in the course of this litigation that have been designated as "CONFIDENTIAL," to any person (other than the Court, court personnel, court reporters and trial witnesses) will first obtain from such person, prior to any such dissemination, a written statement in the form attached as Exhibit "A" hereto, that such person agrees to be bound by this Stipulation and Protective Order. The Parties shall maintain a list of all persons to whom they have provided such documents along with the written agreement of each person. Upon request of any party at any time, counsel in possession of the written agreements shall immediately either: (a) provide copies of the written agreements to the requesting party; or (b) submit the written agreements to the Court to determine whether any aspects of the written agreements are protected from discovery by any privilege.

8. Should the need arise for either of the Parties to disclose information or material that has been marked "CONFIDENTIAL" during any hearing or trial before the Court, including through argument or the presentation of evidence, such party may do so only after

taking such steps as the Court, upon motion of the disclosing party, shall deem necessary to preserve the confidentiality of such materials.

9. When a party seeks to file with the Court any document or information designated "CONFIDENTIAL" or other pleadings or papers disclosing or referring to such information, such document shall be filed under seal pursuant to the Sealed Records Filing Instructions of the United States District Court for the Southern District of New York.

10. Nothing in this Stipulation and Protective Order shall preclude any party from challenging a designation of "CONFIDENTIAL" by another party. If any party elects to challenge a designation of any document, deposition testimony, or information pursuant to this order, that party must provide at least ten days advance notice to afford the designating party an opportunity to remove voluntarily such designation.

   a. If, after the 10-day period, the designating party has not agreed to remove the designation and the parties are otherwise unable to resolve the challenge to the designation, the challenging and designating parties shall contact the Court for a determination of whether the challenged designation is appropriate. The challenging party shall provide the Court with one copy of each document, response, or portion of transcript challenged. The designating party has the burden of proving the applicability and/or correctness of any designation.

   b. If the challenge is not resolved by agreement, or by voluntary removal, and if the Court is not contacted, then the designation shall remain in effect and shall continue to apply to such document or information.

11. All documents and other discovery produced or obtained in the course of this litigation, whether designated "CONFIDENTIAL" or not, shall be used for the sole and limited purpose of preparation for and trial of this action and shall not be used for any other purpose, except for materials or documents produced by non-parties or otherwise already in the public domain. "For purposes of preparation and trial of this action," as used in this Stipulation

4

81086.1

and Protective Order, means that individuals obtaining access to discovery: (i) can read and review such discovery to become knowledgeable about this litigation; and (ii) can comment on such discovery to counsel for the parties if they so choose. All other uses, including but not limited to (1) making such discovery available to any person who is required by this Stipulation and Protective Order to sign Exhibit "A" hereto but has not done so; and (2) causing such discovery, or its substance or any extract thereof, to be published in any trade journal, newspaper, or other written publication other than filings with this Court connected with this litigation, shall fall outside the definition of "For purposes of preparation for and trial of this action." Nothing in this Stipulation and Protective Order shall preclude persons wishing to use discovery from this litigation for purposes other than "For purposes of preparation for and trial of this action" from moving this Court, upon reasonable notice to the parties for appropriate relief.

12. Nothing herein contained shall be construed to preclude or limit any party from opposing any discovery on any grounds that would otherwise be available. This Stipulation and Protective Order shall not, in and of itself, prejudice any contention of any party upon any motion, nor shall this Stipulation and Protective Order constitute a waiver of any right to seek relief from the Court from any and all of the provisions hereof or other modifications of the terms hereof. This Stipulation and Protective Order shall not limit any party's right to seek judicial review or to seek further and additional protection against or limitation upon production or dissemination of information and documents or their contents.

13. The inadvertent production in the course of discovery in this action of any document or information (whether designated "CONFIDENTIAL" or not) shall not be deemed to waive the confidential status of any Protected Material and whatever attorney-client privilege, work product protection or other privilege or immunity that would otherwise attach to the

document or information produced or to other documents or information shall remain intact as long as the party producing them, upon discovery of the inadvertent production, notifies the other party or parties of the claim of confidentiality, privilege, or other protection or immunity.

14. Within sixty (60) days of the close of this litigation for any reason, each party shall retrieve all copies of materials designated "CONFIDENTIAL" from their own files, and shall do one of the following: (1) return to the designating party all such materials, including all copies thereof, produced by such designating party during this action; or (2) certify in writing to the designating party that all materials designated "CONFIDENTIAL" produced by such other party during this action have been destroyed. Also within sixty (60) days of the close of this litigation for any reason, each party shall, with respect to materials designated "CONFIDENTIAL" that was provided to experts or other persons consistent with this Stipulation and Protective Order, do one of the following: (1) retrieve from said experts or other persons to whom the party has provided such materials all the materials designated "CONFIDENTIAL" and return same to the designating party, including all copies thereof, produced by such designating party during this action; or (2) obtain from said experts or other persons to whom the party has provided materials designated "CONFIDENTIAL" a certification in writing from the experts or other persons that all materials designated "CONFIDENTIAL" produced by such other party during this action have been destroyed. All material protected by this Stipulation and Protective Order which has been placed in any computer databank, hard drive, disk and/or other media shall be completely erased so as to make it completely irretrievable, and any documents listing or summarizing information protected by this Stipulation and Protective Order shall be destroyed within the same period.

15. Nothing herein shall be construed to preclude or limit the presence of any individual at any hearings in or the trial of this action.

16. Nothing herein shall be construed to change, waive, or otherwise limit the confidentiality restrictions placed on certain information as a result of government regulations, rules, guidelines, and/or contractual agreements.

17. The terms of this Stipulation and Protective Order shall take full force and effect as a private agreement upon execution by the parties. The terms of this Stipulation and Protective Order shall take full force and effect as part of the record in this proceeding upon approval from the Court.

18. The parties' obligations hereunder to maintain the secrecy of the Protected Material and those materials designated as "CONFIDENTIAL" shall survive any disposition or resolution of this proceeding.

19. Pursuant to Judge McMahon's individual rules, the Addendum attached hereto is deemed incorporated into this Stipulation and Protective Order.

20. At the conclusion of this lawsuit, the Court shall retain jurisdiction of this lawsuit for the enforcement of this Stipulation and Protective Order.

Dated: June 28, 2012

BERGER & WEBB, LLP

By: _____
Jonathan Rogin (JR-9800)

*Attorneys for Plaintiff*
7 Times Square, 27th Floor
New York, New York 10036
(212) 319-1900
jrogin@bergerwebb.com

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP

By: _____
Thomas M. DeMicco (TD-5037)

*Attorneys for Defendant*
3 Gannett Drive
White Plains, NY 10604
(914) 323-7000
thomas.demicco@wilsonelser.com

7

81086.1

SO ORDERED:

_____
Honorable Colleen McMahon, U.S.D.J.

7/3/2012

## ADDENDUM

The parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that the documents designated as "CONFIDENTIAL" by the parties are in fact confidential.

It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available.

The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to "confidential" material under this stipulation, the decision will not be published for ten days. The parties must, within that ten-day period, identify to the Court any portion of the decision that one or more of them believe should be redacted, provide the Court with the purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final.

## *EXHIBIT A*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

NIRVANA INTERNATIONAL, INC.,

    Plaintiff,

vs.

ADT SECURITY SERVICES, INC.,

    Defendants.

Case No. 1:11-CV-8738

### CONFIDENTIALITY STATEMENT

I hereby affirm that:

Information, including documents and things, designated as "CONFIDENTIAL," as defined in the Confidentiality Agreement and Protective Order entered into in the above-captioned action (hereinafter "Agreement"), is being provided to me pursuant to the terms and restrictions of the Agreement.

I have been given a copy of the Agreement.

1. I am familiar with the terms of the Agreement and I agree to comply with and to be bound by its terms.

2. I submit to the jurisdiction of this Court for enforcement of the Agreement.

3. I agree not to use any Confidential information disclosed to me pursuant to the Agreement except for purposes of the above-captioned litigation, and not to disclose any such information to persons other than those specifically authorized by said Agreement, without the express written consent of the party who designated such information as Confidential, or by

order of this Court. I also agree to notify any stenographic, clerical, or technical personnel who are required to assist me, as to the terms of this Agreement and its binding effect on them and me.

    4.  I understand that I am to retain all documents or materials designated as or containing Confidential information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any Confidential information, are to be returned to counsel who provided such documents and materials to me.

DATED:_____   _____