MANDATE

N.Y.S.D. Case #
11-cv-8738(CM)

12-3445-cv
Nirvana International, Inc. v. ADT Security Services, Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of May, two thousand thirteen.

Present:
    ROBERT D. SACK,
    PETER W. HALL,
    DEBRA ANN LIVINGSTON,
        *Circuit Judges*.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 05, 2013

_____

Nirvana International, Inc.

        *Plaintiff–Appellant*,

    v.        No. 12-3445-cv

ADT Security Services, Inc.,

        *Defendant–Appellee*,

_____

FOR APPELLANT:    JONATHAN ROGIN, Berger & Webb, LLP, New York, New York.

FOR APPELLEE:    CHARLES C. EBLEN, Shook, Hardy & Bacon LLP, Kansas City, Missouri.

1

MANDATE ISSUED ON 06/05/2013

Appeal from a judgment of the United States District Court for the Southern District of New York (McMahon, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiff–Appellant Nirvana International, Inc., ("Nirvana") appeals from a final judgment of the district court, entered on July 31, 2012, dismissing its breach of contract, gross and ordinary negligence, and forgery-based fraud claims under Federal Rule of Civil Procedure 12(b)(6). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review de novo a district court's grant of a motion to dismiss under Rule 12(b)(6), accepting all of the complaint's factual allegations as true and drawing all reasonable inferences in the plaintiff's favor. *Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 429 (2d Cir. 2012). The complaint must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, where certain contracts are integral to the complaint, as here, we also consider those documents in deciding the merits of the motion. *Interpharm, Inc. v. Wells Fargo Bank, N.A.*, 655 F.3d 136, 141 (2d Cir. 2011).

Nirvana argues that its signature on the first three pages of a six-page contract does not bind it to a limitation of liability provision on the sixth page because it expressed initial reservation with respect to that provision and other terms and conditions and did not sign or initial that page. We have squarely held that when a party receives a contract, makes no clear

objection to its terms, and then accepts the contract's benefits, the benefitting party is estopped from avoiding the binding effect of the disavowed provision. *See Deloitte Noraudit A/S v. Deloitte Haskins & Sells, U.S.*, 9 F.3d 1060, 1064 (2d Cir. 1993). This is because "[i]t is standard contract doctrine that when a benefit is offered subject to stated conditions, and the offeree makes a decision to take the benefit with knowledge of the terms of the offer, the taking constitutes an acceptance of the terms, which accordingly become binding on the offeree." *Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 403 (2d Cir. 2004) (citing Restatement (Second) of Contracts § 69(1)(a) (1981) ("[S]ilence and inaction operate as an acceptance . . . [w]here an offeree takes the benefit of offered services with reasonable opportunity to reject them and reason to know they were offered with the expectation of compensation." (alteration in original)).

Here, Nirvana's allegations do not support any reasonable inference that it objected to the liability limitation provision prior to ADT's installation of the security system and ADT's subsequent provision of monitoring services. Nirvana simply alleged that "on May 17, 2010, [Nirvana's representative] told [ADT's representative] that he would not agree to the Terms and Conditions by signing on the last page thereof, without first reviewing same and determining that they were acceptable to him." Three weeks passed during which, Nirvana alleges, it "determined that [the Terms and Conditions on the last page] were not acceptable," yet Nirvana does not allege that it expressed to ADT its intent to reject the additional terms. Moreover, Nirvana then permitted ADT to install its security equipment inside its store and began remitting the monthly monitoring fee. Although Nirvana hesitated to agree to the terms on the last page of the contract and opted instead to "review" them, a reasonable period of time passed during which it remained silent and never objected to the terms. Even upon arrival of ADT's installer, Nirvana expressed

3

no objection to the terms and conditions.  Rather it effectively capitulated to them by permitting installation and paying for monitoring services.  In such circumstances, as *Deloitte* instructs, Nirvana's failure to object and its acceptance of the contract's benefit together manifest an implied agreement to the terms on the unsigned last page that is sufficient to bind Nirvana to the limitation of liability provision.  *See Deloitte Noraudit A/S*, 9 F.3d at 1064; *see also Nat'l City Golf Finance v. Higher Ground Country Club Mgmt. Co.*, 641 F. Supp. 2d 196, 208 (S.D.N.Y. 2009).

      Nirvana also argues that the language addressing the terms and conditions appearing after the signature line did not sufficiently incorporate those terms and conditions into the contract.  We disagree.  Although "the failure to provide a first page incorporating reference as to additional terms and conditions provided on a separate page vitiates all representations after the signature page," the "Appellate Division's general rule" is "that incorporation by reference clauses are effective if inserted prior to the signature line." *Winter Bros. Recycling Corp. v. Barry Imports East Corp.*, No. 20347108, 2009 WL 1067409, at *4 (N.Y. Dist. Ct. Feb. 26, 2009); *see also Fleet Capital Leasing Co. v. Anguilli Motors, Inc.*, 790 N.Y.S.2d 684, 685 (N.Y. App. Div. 2005) (abrogated on other grounds).  Here, the incorporation language expressly sets forth that the "SECOND AND THIRD PAGES [i.e., pages numbered 3 through 6] ACCOMPANY THIS PAGE WITH ADDITIONAL TERMS AND CONDITIONS."  Nirvana had the opportunity to read the entirety of the contract at the time of signing, and indeed did so.  Furthermore, the incorporation language clearly requires all three pages to be read together without occasion for more limited post-litigation à la carte selections.  Having no reason to depart from the Appellate Division's general rule, we accordingly reject Nirvana's argument that incorporation was invalid.

4

Nirvana next argues that its allegations required a ruling by the district court that the limitation of liability provision is unenforceable under New York law even if Nirvana agreed to it because ADT's actions amounted to gross negligence.  The New York Court of Appeals recently reaffirmed that "gross negligence, when invoked to pierce an agreed-upon limitation of liability in a commercial contract, must smack of intentional wrongdoing" and "evince[] a reckless indifference to the rights of others." *Abacus Fed. Sav. Bank v. ADT Sec. Servs., Inc.*, 967 N.E.2d 666, 669 (N.Y. 2012) (internal quotation marks and alterations omitted).  That court also indicated that adequately pleading gross negligence requires "much more than mere failure to install a proper working alarm system and inspect it." *Id.*  In *Abacus Federal Savings Bank*, the plaintiff plausibly alleged "that both defendants had knowledge—for weeks, if not months—that the equipment had been malfunctioning," and that the defendants there "not only failed to investigate the source of their equipment malfunction, but they failed to put anyone at the branch on notice of the potential security breach." *Id.*  Here, by contrast, there are no similar allegations of "the type of conduct that smacks of intentional wrongdoing and evinces a reckless indifference to the rights of others." *See id.* at 670.  Rather, Nirvana simply alleged that ADT failed to install and connect properly the security system.  These are the same sort of allegations that the New York Court of Appeals has held "do not raise an issue of fact whether defendant performed its duties with reckless indifference to plaintiff's rights," which, if proven, would render a limitation of liability clause unenforceable. *David Gutter Furs v. Jewelers Prot. Servs., Ltd.*, 594 N.E.2d 924, 924–25 (N.Y. 1992).  We conclude that the limitation on liability provision is enforceable so as to limit the recovery to $1,000 for the ordinary negligence claims Nirvana asserts in its complaint.

Lastly, Nirvana contends that the district court erred in dismissing its forgery-based fraud claim because New York law recognizes a civil action for forgery that does not require any allegations supporting justifiable reliance. As we have noted previously, forgery is a crime and therefore does not give rise to an independent civil cause of action. *See Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002). To the extent that Nirvana attempts to allege a claim sounding in fraud, we agree with the district court that Nirvana has failed to plead that the requisite predicate "misrepresentation" in this case supports a fraud claim under New York law. *See Lama Holding Co. v. Smith Barney*, 668 N.E.2d 1370, 1373 (N.Y. 1996) (holding that fraud requires a showing of misrepresentation or omission made to induce one to rely upon it such that the other party justifiably relies on it to its injury). In short, the pleaded facts show that Nirvana knew from the outset that the signature on page 6 of 6 was a forgery and, in fact, it hired a hand-writing expert specifically to disprove that the signature at issue was not that of its representative. These pleaded facts do not establish a claim of fraud under New York law as they demonstrate absence of any reliance whatsoever either on the assertedly forged signature or on ADT's assertions with respect to it.

As indicated at oral argument, we remain concerned that someone may have forged a signature for the purpose of influencing the outcome of any legal dispute that might have arisen. We are also concerned that Defendant ADT and its counsel apparently fail to appreciate this potential for a fraud on the courts. Indeed, ADT did not even address below whether the contract was or was not forged, repeating only Nirvana's allegations of forgery and arguing the two legal premises that would defeat such a civil claim. ADT then went on to renew these arguments before us in its briefing, stating that the "Central Storage Copy of the Small Business Contract contains *the Nirvana representative's* signature on page 6 of 6." Def. Br. at 3 (emphasis added).

6

Although neither ADT nor its counsel attested to the authenticity of the signature at issue, we urge counsel for ADT and ADT's management to look carefully into whether there was a forgery and, if so, who perpetrated it. Defendant ADT should then take whatever steps, legal or otherwise, that might be appropriate in light of its investigation.

We have considered all of Nirvana's other arguments and found each of them to be without merit.[1] Accordingly, the judgment of the district court is hereby AFFIRMED.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

---

[1] While noting that Nirvana could still seek relief in state court, the district court dismissed Nirvana's contract claim for jurisdictional deficiencies in light of the parties' agreement that "if term E is part of their contract, it limits Defendant's liability—under any and all theories—to $1,000." Nirvana does not challenge the propriety of this ruling before us. We therefore deem any argument on this issue waived. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

7